# UNITED STATES EX REL. REYNOLDS *v.* LANE.

MANDAMUS; INDIAN LANDS; SECRETARY OF THE INTERIOR; DISCRETION; REGULATIONS.

1. Mandamus will not lie to prevent an anticipated injury.
2. A petition for the writ of mandamus is prematurely filed and will be dismissed where it is sought to compel the Secretary of the Interior to approve or disapprove an oil and gas lease of Indian lands made by the petitioner, and the Secretary answers, and it is not denied,

that the lease in the ordinary course has not reached him for action, and he is unable to state whether he will approve or disapprove it; and it is immaterial that it is conceded by the Secretary that such lease, if made, would give the lessee a greater acreage than is permitted by an existing regulation restricting the acreage of such lands to be held by any one lessee.

3. The discretionary power of the Secretary of the Interior to make regulations concerning oil and gas leases of Indian lands implies the power and discretion on his part to change or wholly abrogate such regulations.

4. *Quære*, whether a regulation made by the Secretary of the Interior is valid that provides that "no person, firm, or corporation will be allowed to lease within the territory occupied by the Five Civilized Tribes, for the purpose of producing oil or gas, more than 4,800 acres of land in the aggregate.

No. 2904.   Submitted March 17, 1916.   Decided April 3, 1916.

HEARING on an appeal by the petitioner from an order of the Supreme Court of the District of Columbia, dismissing a petition for the writ of mandamus to compel the Secretary of the Interior to approve or disapprove a certain lease executed by the petitioner.                                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

This cause is here on appeal from an order of the supreme court of the District of Columbia dismissing appellant's petition for a writ of mandamus to compel the Secretary of the Interior "forthwith to either approve or disapprove the certain oil and gas mining lease executed by your petitioner in favor of W. S. Mowris, on the 29th day of June, 1915," and that, "in the exercising of said discretion of approval or disapproval," the Secretary be directed not to "consider or recognize as valid and subsisting" a certain regulation relating to the leasing of oil lands of the Five Civilized Tribes of Indians in the state of Oklahoma, as follows: "No person, firm, or corporation will be allowed to lease within the territory occupied by the Five

Civilized Tribes, for the purpose of producing oil or gas, more than 4,800 acres of land in the aggregate."

To the rule to show cause the Secretary of the Interior made return, alleging, among other things, "that as matter of fact he has not failed, refused, or neglected to consider or approve the lease described in relator's petition, for the reason that no such lease has been submitted to him for his consideration, and he has no knowledge thereof, save as in relator's petition informed, except that he is informally advised by the Office of Indian Affairs that said office, upon investigation since the filing of the petition herein, has ascertained that such a lease has been filed in the office of the superintendent for the Five Civilized Tribes at Muskogee, Oklahoma, and has not yet been acted upon by that officer; that in the due and orderly course of administration and in the manner provided by the regulations thereto related, such leases are first considered by said superintendent, and are by him recommended for approval or disapproval; are then transmitted to the Commissioner of Indian Affairs for his consideration by way of review of the superintendent's recommendation and action; and are not, until thus acted upon in the manner and course aforesaid, submitted to the respondent for final action thereon; that relator's lease described in said petition is not now pending before the respondent for approval or disapproval; that if and when said lease shall reach respondent for approval or disapproval, what action will be taken by respondent thereon in the exercise of the discretion committed to him by law, he is wholly unable at this time to state."

To the return petitioner demurred generally, and from the order of the court discharging the rule and dismissing the petition, this appeal was taken.

*Mr. Charles N. Haskell, Mr. Norman N. Haskell, Mr. James W. McNeill, Mr. M. L. Mott,* and *Mr. John B. Meserve* for the appellant.

*Mr. Preston C. West,* Solicitor for the Department of the In-

terior, *Mr. C. Edward Wright,* Assistant Attorney, and *Mr. A. T. Vogelsang* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

By the demurrer, petitioner admitted the allegations set forth in the return. It is too clear for argument that petitioner's action is premature. Mandamus is not the remedy to relieve against an anticipated injury. The regulation complained of was made by the Secretary of the Interior under authority of an act of Congress. The discretion and power to make the regulation implies the power and discretion to change or totally abrogate it. It has no compelling force on the Secretary in this case. Before the lease reaches him the rule may be changed or no longer in existence, or the consideration of this lease might, for aught we know, impel such change. There is not even a threatened injury, since the Secretary answers that he is not advised of the action he will take when the lease is submitted to him for approval.

It matters not that it is here conceded that the approval of this lease would vest in Mowris a total acreage of leased oil and gas Indian lands in excess of 4,800 acres. The matter of approval or disapproval is still within the discretion of the Secretary, notwithstanding the regulation. Until there has been a positive refusal on the part of the Secretary to approve the lease, no cause exists upon which an action for mandamus can be predicated. The Secretary cannot be compelled by writ of mandamus to perform an act which, for lack of submission to him, he has not even had an opportunity to refuse to perform. There is no laches or unnecessary delay in this case. The lease in due course has simply not reached the Secretary, and until it does, and he has acted or refused to act, no cause of action exists.

We are not called upon to express an opinion as to the validity of the regulation. That question is left open for determination in a proper case.

The judgment is affirmed, with costs.          *Affirmed.*

A writ of error from the Supreme Court of the United States was granted by that Court.